CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 19 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DERRICK ALLEN MARTIN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06CV00218 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JOHN HIGGINS, | ) | By Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

The plaintiff, Derrick Allen Martin, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the superintendent of the Rockbridge Regional Jail, John Higgins. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff is presently incarcerated at Powhatan Correctional Center. He was previously incarcerated at the Rockbridge Regional Jail. The plaintiff alleges that while he was incarcerated at the jail, he was placed in segregation from February 16, 2005 until March 15, 2005, and from April 20, 2005 until June 12, 2005, due to his "sexual minority." The plaintiff alleges that Superintendent Higgins told him that "this was done to protect [him] from becoming sexually assaulted." The plaintiff further alleges that from June 12, 2005 until January 20, 2006, he was placed in a four-person block, even though he was still classified as a segregation inmate. On January 20, 2006, the plaintiff was transferred to Powhatan.

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the plaintiff's allegations, the court concludes that the plaintiff has failed to allege facts sufficient to establish that Superintendent Higgins violated his constitutional rights.

To the extent that the plaintiff's allegations regarding his placement in segregation can be construed as a living conditions claim, the plaintiff's allegations are without merit. While the Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In order to state a claim of constitutional significance, an inmate must allege facts which show that he either sustained a serious or significant physical or emotional injury as a result of the challenged conditions of confinement, or that the conditions created an unreasonable risk of serious injury. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials acted with deliberate indifference. Id. at 1379.

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. While being housed in a segregation unit may have been restrictive and inconvenient, there is no indication that the plaintiff's living conditions caused any significant injuries or posed an unreasonable risk of serious harm to the plaintiff. The court notes that to the extent that the plaintiff instead seeks to

challenge his placement in a four-person block, despite his segregation status, the plaintiff's allegations are similarly deficient, as there is no indication that he suffered any deleterious effects from being housed with other inmates.

## Conclusion

For the reasons stated, the court concludes that the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[2] The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant, if known.

**ENTER**: This 19th day of April, 2006.

*United States District Judge*

---

[2] Having reached this conclusion, the plaintiff's motion to proceed in forma pauperis will be dismissed as moot.